IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GREGORY GIBSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-1082-M |
| | ) | |
| DANNY HORTON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Chief Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition [Doc. No.1] has been examined upon filing and for the reasons set forth herein, the undersigned finds that Petitioner is in "in custody" on the conviction he challenges and therefore this Court lacks jurisdiction to consider his petition for habeas relief.

I.  Background

Petitioner is currently incarcerated in the custody of the Oklahoma Department of Corrections (DOC) pursuant to a conviction for trafficking in illegal narcotics after two former convictions in Case No. CRF-93-38 in the District Court of Jackson County for which

he received a fifty year sentence.[1] However, in this action, Petitioner challenges his conviction on March 11, 1988, pursuant to his guilty plea to a charge of maiming in Case No. CRF-87-156 in the District Court of Jackson County, for which Petitioner was sentenced to one year in the Jackson County Jail. Petition, p. 2.[2] According to Petitioner, he did not appeal the conviction. *Id.*, p. 3. On April 4, 2007, over nineteen years after his conviction, Petitioner filed an application for post-conviction relief in the District Court for Jackson County, requesting that this conviction be reversed or, alternatively, that he be granted an appeal out of time. Petitioner's "Brief in Support of Petitioner's Application for Writ of Habeas Corpus" (hereafter Petitioner's Brief), p. 2. [Doc. No. 6]. On October 15, 2007, the Oklahoma Court of Criminal Appeals (OCCA) affirmed the district court's denial of Petitioner's application. *Id.*, pp. 2, 3.

In a single ground for habeas relief, Petitioner alleges that neither the trial court nor his attorney advised him of his right to withdraw his March 11, 1988, guilty plea within ten days after pronouncement of the judgment and sentence, in violation of his rights to due process and equal protection. Petition, p. 5.

II. Screening Requirement

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it

---

[1] *See* Oklahoma Department of Corrections ("DOC"), at http://www.doc.state.ok.us/ (Offender Lookup, Gregory Gibson, DOC# 186281) (accessed July 22, 2009).

[2] The printed form petition begins on page two.

plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief . . . ." Moreover, courts are obliged to examine their jurisdiction *sua sponte* and dismiss any action where it is lacking. *See* Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by . . . a court on its own initiative, at any stage in the litigation . . . .") (internal citation omitted); *McCormick v. Kline*, __F.3d__, 2009 WL 2044640, *4 (10th Cir. July 14, 2009) ("Section 2254's in-custody requirement is jurisdictional.") (citing *Fleming v. Evans*, 481 F.3d 1249, 1252 n.1 (10th Cir. 2007)).

III.  "In Custody" Requirement

Title 28 U.S.C. § 2254 provides that a district court shall entertain an application for a writ of habeas corpus only on the ground that the petitioner is in custody in violation of the Constitution, laws or treaties of the United States. This statutory language has been interpreted by the Supreme Court as "requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (*per curiam*). Once the sentence imposed for a conviction has completely expired, the collateral consequences of that convictions do not render a petitioner "in custody" for that conviction; this is true even if the expired conviction is later used to enhance punishment for a subsequent conviction under which the petitioner is confined. *Id.* at 492-93 (noting that where a subsequent conviction is enhanced with the

expired conviction "it is pursuant to the second conviction that the petitioner is 'in custody.'")

Petitioner identifies his conviction in Case No. CRF-87-156 in the District Court of Jackson County, Oklahoma, as the conviction he is challenging and his sole claim relates to his guilty plea in that case. It is clear from the relevant dates set out in the petition that Petitioner has served the one-year sentence he received in March of 1988, and that he was not in custody pursuant to that conviction at the time he filed the petition. Thus, this Court does not have jurisdiction over Petitioner's federal habeas petition.[3]

In *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), the Supreme Court held that while a petitioner cannot bring a federal habeas challenge directed solely to convictions which have fully expired, where the petition can be construed as asserting a challenge to the sentence petitioner is currently serving as enhanced by the allegedly invalid, expired convictions, the "in custody" requirement is satisfied. *Id.* at 394-95(citing *Maleng v. Cook*, 490 U.S. at 493).[4] Thus, under *Lackawanna,* if the petition reasonably can be read

---

[3] In any event, even if Petitioner were in custody under the 1988 conviction, a challenge to such conviction would be subject to dismissal as time-barred by 28 U.S.C. § 2244(d)(1). *Hoggro v. Boone*, 150 F.3d 1223, 1225-26 (10th Cir. 1998) (holding prisoners whose state conviction became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act have one year from April 24, 1996, to file a federal habeas petition).

[4] Although the Supreme Court held that a prisoner challenging a current conviction enhanced by an allegedly unconstitutional prior conviction the sentence for which has fully expired satisfies the "in custody" requirement, the Court stated that "the [expired] conviction may be regarded as conclusively valid. . . ." and "the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Lackawanna*, 532 U.S. at 403-04 (citation omitted). The Tenth Circuit has recognized
(continued...)

4

as an attack on Petitioner's 1993 conviction, as enhanced by his 1988 conviction, then he is in custody for purposes of this Court's jurisdiction over the instant petition. *Lackawanna*, 532 U.S. at 401-02; *Carthen v. Workman*, No. 04-6205, 2005 WL 226250, *2 (10th Cir. Feb 1, 2005) (unpublished).[5]

For the reasons set forth hereafter, the undersigned finds that the petition, even when construed with the deference to which pro se litigants are entitled, should not be characterized as a challenge to the sentence Petitioner is currently serving for his trafficking conviction in Case No. CF-1992-38. First, Petitioner has made it clear that he is challenging only the 1988 maiming conviction; his arguments address only the validity of that conviction and sentence. Moreover, Petitioner does not even refer to his current conviction much less allege that such conviction was enhanced by the challenged conviction. *See* Petition, p. 7, ¶17. In short, nothing in the petition can be read as asserting a challenge to his current conviction as enhanced by the 1988 conviction.[6]

---

[4](...continued)
that "the *Lackawanna* Court crafted [two] exceptions to this general rule," for cases in which 1) counsel is not appointed in violation of the Sixth Amendment; or 2) no channel of review is available through no fault of the petitioner. *McCormick*, __ F.3d __, 2009 WL 2044640, *7 (citing *Lackawanna*, 532 U.S. at 404-05).

[5] This and any other unpublished decisions are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

[6] According to the DOC website, at the time of Petitioner's 1993 conviction, he had four prior felony convictions for which he had been in DOC custody, all in Jackson County Case No. 89-226 (one count of illegal possession of controlled substances - 3 years probation; one count of distribution cds/possession with intent to distribute - 3 years incarceration; one count of illegal distribution of controlled substances - 4 years incarceration; and one count of illegal distribution of controlled
(continued...)

In addition, taking judicial notice of this Court's own records, the undersigned finds that Petitioner has previously filed two habeas actions pursuant to 28 U.S.C. § 2254 challenging the 1993 conviction. In the first habeas action, *Gibson v. Snyder*, Case No. CIV-97-1343-M, Petitioner was denied habeas relief by this Court, [Doc. No. 62] a decision which was affirmed on appeal. *Gibson v. Snyder*, No. 01-6252, 2001 WL 1478630 (10th Cir. Nov. 23, 2001) (unpublished). Petitioner's second habeas petition challenging this conviction, *see Gibson v. Ward*, Case No. CIV-04-1023-M, was transferred to the Tenth Circuit as a second or successive petition, and the Circuit Court denied authorization to file a second or successive petition, pursuant to 28 U.S.C. § 2244(b)(2). *Id.*, [Doc. Nos. 11, 15]. Therefore, construction of this petition as an attack on Petitioner's 1993 conviction would not be reasonable, as the petition would likewise be considered a second or successive petition, which, considering Petitioner's procedural history, would likely be dismissed by this Court for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (holding the district court may transfer unauthorized second or successive petitions to the Tenth

---

[6](...continued)
substances - 3 years probation). Any two of these convictions could have been used to enhance the 1993 conviction which Petitioner is currently serving. The 1988 Jackson County conviction for maiming which Petitioner is currently challenging does not appear on the DOC website, apparently because Petitioner served that one year sentence in the Jackson County Jail. The DOC website reveals that Petitioner also has a 2002 conviction in Jackson County for assault and battery on corrections personnel for which he received a 4 year sentence to be served upon completion of his current fifty year sentence.

Circuit for prior authorization if it is in the interest of justice to do so under 28 U.S.C. § 1631, or the court may dismiss the petition for lack of jurisdiction).[7]

In summary, this Court lacks jurisdiction to consider the instant petition which on its face attacks Petitioner's conviction in Case No. CRF-87-156, District Court of Jackson County, because Petitioner is no longer "in custody" with regard to this one-year sentence. Moreover, for the reasons discussed above, it would not be reasonable to construe the petition as challenging the conviction Petitioner is currently serving, Case No. CRF-93-38. Accordingly, the petition should be summarily dismissed for lack of jurisdiction.

## Recommendation

For the reasons set forth herein, the undersigned Magistrate Judge recommends that the instant petition for a writ of habeas corpus be dismissed for lack of jurisdiction. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of the Court by the 20th day of August, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned

---

[7]The Circuit Court set forth three primary considerations to govern a court's decision to transfer rather than dismiss: (1) whether the action was in good faith filed in the wrong court; (2) whether dismissal might make it difficult for the petitioner to comply with the one-year limitations period governing federal habeas petitions; and (3) whether the claims are likely to have merit. *In re Cline*, 531 F.3d at 1251.

7

Magistrate Judge in the captioned matter. The Clerk of the Court is directed to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag.

ENTERED this 31 day of July, 2009.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE